BREAUX, C. J.
Relator, the Levert Company, instituted foreclosure proceedings on the 22d day of April, 1913, on its mortgage bearing on three plantations owned by defendant. In these proceedings, the sheriff took charge of the plantations and had the growing crops cultivated. (Without this cultivation, there would have been a loss.) Advances to pay- running expenses were necessary to cultivate the crop, and relator furnished them. Some time in the latter part of August, the advances amounted to $19,000, loaned with the sanction of an order of the judge of the district court, and to be considered as costs of the proceedings. But, in September of this year, further complications arose. Relator deemed that it was advisable to sell the crop in the field and opposed the incurring of expenses necessary to grind the cane. The argument on the part of the relator is that there would be loss instead of gain; that defendant’s factory is not sufficiently large to take off the crops; that the expenses would not justify the venture.
Defendant took issue with the above propositions of the relator and urged: That it would be far better to grind the cane as in previous years. That the factory has ample capacity to take off the crops. That the crop was planted to be made into sugar, and if that be abandoned, and the cane sold in kind in the field, it will cause great loss.
The proposition is whether the cane should be sold or manufactured into sugar.
The property was under seizure. Relator, the seizing creditor, conferred with the sheriff," and at its request this officer placed' the management in the hands of a Mr. Weber, who was acceptable to the relator. It then advanced the amount before mentioned. Relator requested the sheriff to see that drafts were drawn in accordance with the pay roll as a basis, and that all the necessary details of good management be observed. This does not directly present any issue for decision. *496 We have every reason to infer that this direction of the relator has been complied with by the sheriff.
But, toward the last of August of this year, relator, through its attorneys, informed the sheriff that he would make no more advance^, and that it was advisable to sell the cane. Relator, addressing the sheriff, said, through its counsel, “It is a matter that you must decide, as the responsibility is with you.” It further added, still addressing the sheriff, “If expenses were incurred to grind the cane they would not be secured as part of the costs.” And lastly relator said in substance that valuable materials and supplies could not be covered by insurance and sought to impress upon the sheriff that under no circumstances would it furnish the funds to repair and operate the mill. Later in the history of this litigation, relator again insisted that if expenses were incurred the privilege would have to be concurrent with it. That is, concurrently with the $19,000 that it had already advanced.
About the same time, one who had relator’s confidence, and with its approval, examined into the physical condition of the property in order to determine, in compliance with the wishes of interested parties, whether or not it was advisable to operate the mill. After an examination, he found that the cane could be ground as had been done in previous years. The sheriff understood, so did the district judge, that relator proposed to let the selected expert determine whether or not it was to the interest of parties concerned to let the cane be ground as proposed by the sheriff.
We have only recited the facts above and have withheld an expression of opinion.
Relator does not in its pleadings object to the grinding of the cane, but it most earnest- j ly urges that its claim should not be made secondary to that of any one else; that it has made the loan with the sanction of the court, and it is part of the costs against which it is not possible for the sheriff to discriminate. The foregoing are the issues as presented.
With the scant evidence before us, we are not inclined to anticipate the issi:es and to decide them at this time. We are called upon at this particular time to pass upon the question of a security which might be offered to one inclined to make a loan.
[1] The order of the district judge attacked in this case is ex parte. It may not be possible to find any one to make a loan. The remedy has not been exhausted. When a rule will be filed to tax the costs, there may be no other costs than those filed by relator. Besides, the parties will have a right of appeal, and this court has repeatedly held that, in an appealable case, certiorari will not be issued. The application is premature. It will be possible to have the costs taxed in execution of the judgment. Schwartz v. Flatboats, 14 La. Ann. 246; Cannon v. City of N. O., 27 La. Ann. 16.
[2] We will not indicate beforehand what should be done in order that the lender may have ample security. As well undertake to advise beforehand that, if a sale be made of property according to certain suggested formalities, it would be legal and binding. That would be advisory. We find no law authorizing us to act as advisors; that we must decline to do. Were we to follow the opposite course, we would find ourselves dealing in future transactions, not with questions growing out of existing facts.
It is therefore ordered, adjudged, and decreed that the writ is recalled, and relator’s application is denied.